IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**BK RACING, LLC,**<br><br>       Debtor. | Chapter 11<br><br>Case No: 18-30241 |
| **MATTHEW W. SMITH, sole manager for reorganized BK RACING, LLC,**<br><br>       Plaintiff,<br><br>v.<br><br>**DARRIN L. PAYNE** *et al.*,<br><br>       Defendants. | Adversary Proceeding No.: 23-03030 |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Now comes Matthew W. Smith, in his capacity as the sole manager for reorganized BK Racing, LLC (the "Plaintiff"), and hereby moves the Court for the entry of the *Judgment* attached hereto as <u>Exhibit 1</u> (the "Judgment"). In support of this motion, the Plaintiff submits: (i) the *Declaration of Matthew W. Smith* attached hereto as <u>Exhibit 2</u> (the "Smith Declaration"), (ii) the *Complaint* filed in this action on August 30, 2023 (the "Complaint"), [Doc. 1], and (iii) the Court's *Order Imposing Sanctions, Including Striking Defendant BRBRC Irrevocable Trust's Answer and Entering Default Judgment* entered on September 4, 2025 (the "Order"), [Doc. 130], and shows the Court as follows:

### I. BACKGROUND

**A. The Complaint and Answer.**

  1.  The Plaintiff initiated this action by filing the Complaint on August 30, 2023.

  2.  The Complaint alleges that Ronald Devine and Brenda Devine (the "Devines")—

the Debtor's former owners—fell into significant financial distress starting in 2013 and continuing through the present as they were the subject of multiple lawsuits, judgments, tax liens, and other debts. *Complaint* ¶¶ 36-45.

3.   The Complaint further alleges that when the Devines were faced with the referenced litigation, liens and debts, that they engaged in a long-running and ongoing conspiracy with the BRBRC Irrevocable Trust (the "BRBRC Trust") and others designed to: (a) divest the Devines of millions of dollars of assets to defraud the Plaintiff, the Reorganized Debtor, the bankruptcy estate, and the Devines' other creditors, including the IRS, while (b) still allowing the Devines to retain the benefit and use of their assets. *Id*. ¶¶ 18-20 & 46-49.

4.   The Complaint specifically alleges that the Devines' asset concealment scheme was devised, implemented and facilitated by the Devines, the BRBRC Trust and other co-conspirators and consisted of, among other things, the following: (i) establishing the BRBRC Trust for the purpose of hiding the Devines' assets from creditors, (ii) transferring $666,252.52 of cash to the trust (the "Cash Transfers") to keep the funds from creditors while paying the Devines' country club dues and personal expenses, (iii) titling a $2.1 million interest in real property in the name of the BRBRC Trust to hide the value from Ron Devine's creditors (the "SFC Equity Transfer"), (iv) engaging in a sham strawman "loan" transaction to allow Mr. Devine to siphon off $350,000.00 to keep the funds from his creditors (the "Strawman/SLD Transaction"), and (v) allowing the Devines to use the personal and joint bank accounts of the BRBRC Trust's co-conspirators for the Devines to deposit at least $42,078.00 (the "Payne Transfers"), while using the same accounts to pay the Devines' personal expenses. *Id*. ¶¶ 46-49, 74-130.

5.   The Cash Transfers, SFC Equity Transfer, Strawman/SLD Transaction and Payne Transfers are collectively referred to as the "Transfers."

6.   Based on the foregoing scheme and actions, the Complaint asserts nine (9) causes

of action, including claims for unfair and deceptive trade practices, avoidance and recovery of fraudulent transfers, civil conspiracy, conversion, aiding and abetting fraudulent transfers, stay violations[1] and conversion. *Id*. ¶¶ 135-189.

7. The Complaint seeks treble damages based on the BRBRC Trust's participation in the alleged asset concealment scheme and its violations of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq*. (the "Act"). *Id*. at ¶¶ 135-141 & p. 30 ¶ 2.

8. BRBRC Trust filed its answer on or about October 30, 2023 (the "Answer"). [Doc. 7].

9. In its Answer, the BRBRC Trust denies virtually every fact alleged in the Complaint and raised certain affirmative defenses.

**B. The Motion to Compel and Related Sanctions Proceedings.**

10. The Plaintiff filed a *Motion to Compel* on May 7, 2024 (the "Motion"), [Doc. 43], based on the BRBRC Trust's failures to respond to Plaintiff's discovery requests.

11. In the Motion, the Plaintiff sought, among other things, the entry of an order compelling discovery responses from defendant BRBRC Trust.

12. After protracted litigation over the Motion and related compliance and sanctions proceedings, the Court entered the Order on September 4, 2025. [Doc. 130].

13. In the Order, the Court sanctioned the BRBRC Trust for, among other things, its repeated failures to make discovery and comply with orders compelling discovery throughout the course of this adversary proceeding. *Order*, pp. 7-10.

14. As a result of the BRBRC Trust's history of noncompliance, the Order provided

---

[1] Given the Court's judgment entered on count 14 of the complaint (alter ego/piercing the corporate veil) in the case captioned *Smith v. Devine et al*., Adv. Pro. No. 20-3014, the Devines' assets and the Corporate Judgment Debtors' assets are property of the bankruptcy estate subject to the automatic stay.

that:

> Defendant BRBRC Trust's Answer, [Doc. 7], is hereby **STRICKEN**, and the Plaintiff may file **ENTRY OF DEFAULT** consistent with Fed. R. Civ. P. 55(a).

*Order*, p. 17, ¶ 3.

15. The Order taxed the Plaintiff's costs of filing this action, consisting of the $350 filing fee, against defendant BRBRC Trust. *Id.* ¶ 4.

16. The Court directed the Plaintiff to schedule a hearing on the damages sought in the Complaint (the "Judgment Calculation Hearing") and a computation of such amounts which Plaintiff asserts are for a sum certain or amounts that can be made certain by computation consistent with Fed. R. Civ. P. 55(a). *Id.* ¶ 5.

17. Following the Judgment Calculation Hearing, the Order provided that a default judgment will be entered against BRBRC Trust on all applicable counts in the Complaint. *Id.* ¶ 6.

18. Entry of Default was entered against the BRBRC Trust on October 2, 2025. [Doc. 133].[2]

19. The Plaintiff files this motion to schedule the Judgment Calculation Hearing and seek entry of the Judgment.

**C. Smith Declaration and Judgment.**

20. The proposed Judgment attached hereto as Exhibit 1: (i) awards judgment against defendant BRBRC Trust in the amount of $9,474,991.56; (ii) provides that interest will accrue on the Judgment at the legal rate permitted by law; and (iii) awards costs in the amount of $350 against defendant BRBRC Trust related to the filing fee in this adversary proceeding.

---

[2] "Upon the entry of default, the defaulting party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint." *Title Trading Servs. USA v. Kundu*, No. 3:14-CV-225-RJC-DCK, 2016 U.S. Dist. LEXIS 1768, at *13 (W.D.N.C. January 4, 2016) (Conrad, J.) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).

21. The Smith Declaration attached hereto as Exhibit 2 explains in detail: (i) the measure of damages sought in the Complaint, *Smith Declaration* ¶¶ 17-20; (ii) Plaintiff's calculation of damages sought in the Complaint as reflected in the Judgment, *Smith Declaration* ¶¶ 21-32; and (iii) the facts supporting the award of costs in the amount of $350, *Smith Declaration* ¶¶ 33-35.

22. For the sake of brevity, Plaintiff incorporates the terms of the Smith Declaration as if set forth fully herein.

## II. RELIEF REQUESTED

23. By this motion, the Plaintiff respectfully requests for the entry of the proposed Judgment attached hereto as Exhibit 1.

## III. APPLICABLE LAW AND ARGUMENT

**A. Introduction and Preliminary Statement on Damages.**

24. In the Complaint, the Plaintiff seeks, on behalf of the Debtor's creditors, actual damages from the BRBRC Trust based on the amount of the Transfers in the amount of $3,158,330.52. *Smith Declaration* ¶ 17.

25. The Complaint seeks to recover actual damages related to the Transfers under various legal theories including the avoidance and recovery of fraudulent transfers, civil conspiracy, conversion and unfair and deceptive trade practices. *Id.* ¶ 18

26. The Complaint also seeks to treble the amount of the actual damages (for an overall damage award of $9,474,991.56) because fraudulent conveyances and conversion claims are unfair and deceptive trade practices under North Carolina law, which Transfers substantially harmed the Debtor's creditors. *Id.* ¶ 19.

27. The damages sought in the Complaint are for a sum certain or can be made certain by computation as discussed below and in the Smith Declaration.

B. **The Plaintiff is entitled to an award of damages in the amount of $9,474,991.56 as set forth in the proposed Judgment.**

28. Rule 55 and the case law interpreting that rule provide the key to determining whether damages are for a sum certain or a sum that can be made certain by computation.

29. Rule 55 provides that if the Plaintiff's claim is for a "sum certain or a sum that can be made certain by computation, . . . on the plaintiff's request, with an affidavit showing the amount due . . . ." then a judgment "must [be] enter[ed] . . . for that amount and costs against a defendant who has been defaulted . . . ." Fed. R. Civ. P. 55(b)(1); *see also* 10 *Moore's Federal Practice* ¶ 55.22[1] (2002) ("In cases where the court has entered default judgment and the claim is for a sum certain, the court can enter the default judgment for the amount stated in the complaint.").

30. As set forth below, the actual and treble damages requested in the Complaint are for a sum certain or can be made certain by computation.

   i. **The amount of the actual damages caused by the Transfers is $3,158,330.52, and that amount is for a sum certain or can be made certain by computation as set forth in the Smith Declaration and exhibits.**

31. In the context of Rule 55, "[a] sum is sufficiently certain, and a damages hearing on the default judgment is unnecessary, if the damages are ascertained, determined, and fixed, or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Chesapeake Fifth Ave. Partners, LLC v. Somerset Walnut Hill, LLC*, No. 3:08cv764, 2009 U.S. Dist. LEXIS 39097, at *3 (E.D. Va. May 8, 2009) (internal quotations and citations omitted).

32. Similarly, in the context of entering a default judgment, "[c]ourts determining damages without a hearing tend to rely on evidence with strong indicia of trustworthiness . . . ." such as affidavits, references to banking records and depositions. *J&J Sports Prods. v. Shiva Foods, Inc.*, No. PWG-14-2049, 2015 U.S. Dist. LEXIS 65638, at *3-4 (D. Md. May 19, 2015).

33. Moreover, the amount of asserted damages are for a sum certain where the amount is based on the judicial admissions of a party. *Botelho v. Buscone (In re Buscone)*, 634 B.R. 152, 173 (1st Cir. B.A.P. 2021)(entering default judgment and stating a party cannot contradict their judicial admissions "…and therefore cannot complain that the bankruptcy court should have offered her such a hearing before entering the Default Judgment for a sum certain.").

34. As discussed specifically in Smith Declaration, the damages caused by the Transfers totals $3,158,330.52. As to the Cash Transfers, Strawman/SLD Transfers and Payne Transfers, these damages are for a sum certain or which can be made certain by computation because they are based on the detailed calculations set forth in the Smith Declaration based on the applicable banking records. *Smith Declaration*, ¶¶ 23-27.

35. As to the SFC Equity Transfer, the damages caused by this transaction are also for a sum certain because they are based on the judicial admissions made by BRBRC Trust in the complaint filed in the Virginia Action and the deposition testimony of Mr. Devine, the BRBRC Trust's settlor and beneficiary, in that case. *Smith Declaration*, ¶¶ 23-24 & 28.

36. Accordingly, the Plaintiff is entitled to an award of actual damages caused by the Devines' asset concealment scheme and the related Transfers in the amount of $3,158,330.52.[3]

> ii. **The actual damages caused by the Transfers must be trebled because treble damages are mandatory for violations of the Act and the trebling of Plaintiff's actual damages can be determined based on a simple calculation.**

37. Statutory damage claims can be for a sum certain or for a sum which can be made certain by a reasonable calculation depending on the applicable substantive law. *See, e.g., Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984) (holding that statutory

---

[3] As noted in Plaintiff's prior filings and at the August 25 hearing in this case, all damages related to the Devines' asset concealment scheme are properly assessed against the BRBRC Trust because co-conspirators are all liable for the damages caused by any of them in furtherance of the conspiracy. *Fox v. Wilson*, 85 N.C. App. 292, 354 S.E.2d 737, 743 (N.C. Ct. App. 1987)(in a civil conspiracy case "all of the conspirators are liable, jointly and severally, for the act of any one of them done in furtherance of the agreement."); *see also Ace Motor Acceptance Corp. v. McCoy Motors*, Civil Action No. 18-CV-00630-KDB, 2020 U.S. Dist. LEXIS 6249, *10-11 (W.D.N.C. January 14, 2020)(holding same).

damage calculations are for a sum certain in claims brought pursuant to ERISA); *but see Baie v. Prime W. Mgmt. Recovery LLC (In re Baie)*, No. 08-06795-8-SHH, 2011 Bankr. LEXIS 1200, at *4 (Bankr. E.D.N.C. March 30, 2011) (holding a hearing pursuant to Fed. R. Civ. P. 55(b)(2) to determine statutory damages under the Fair Debt Collections Practices Act because the claims were not for a sum certain).

38. Whether statutory damages are for a sum certain turns on whether the Court must exercise discretion when awarding them. *Ancient Sun Nutrition, Inc. v. Lawlor*, 1:07CB395, 2008 U.S. Dist. LEXIS 35807, at *10 (W.D.N.C. May 1, 2008) ("In this case, because Plaintiff requests discretionary punitive damages, the relief requested is not for a sum certain."); *accord Baie*, 2011 Bankr. LEXIS 1200 at *4 (illustrating that statutory damage claims are not for a sum certain where the Court has discretion to award damages). Where no discretion exists, the statutory damages claim is for a sum certain or a sum which can be determined by calculation. *See, Combs*, 105 F.R.D. at 474.

39. In this case, the Court is entering a default judgment on Plaintiff's First Claim for Relief seeking judgment against the BRBRC Trust based on its violations of the Act as a result of its participation in the Devines's asset concealment scheme and the related Transfers totaling $3,158,330.52.

40. Fraudulent transfer claims and conversion claims are unfair or deceptive trade practices that violate the Act. *Gen. Fid. Ins. Co. v. WFT, Inc.*, 269 N.C. App. 181, 192 (2020) (upholding the trial judge's rulings that fraudulent transfers are unfair and deceptive trade practices); *accord McKinney v. Eshleman*, No. COA20-825, 2021 N.C. App. LEXIS 587, at *23 (Oct. 19, 2021) (quoting *Bartlett Milling Co. v. Walnut Grove Auction & Realty Co.*, 192 N.C. App. 74, 83 (2008)) (holding that "'[A]cts of conversion may constitute unfair and deceptive trade practices. . . ."); *KRG New Hill Place, LLC v. Springs Investors, LLC*, No. 13CVS14770,

2015 NCBC LEXIS 72, at *20 (N.C. Sup. Ct. July 8, 2015) (holding that "[t]he fraudulent transfer claim could support a claim for violation of the UDTPA.").

41. Furthermore, where the Court determines that an unfair and deceptive trade practice has occurred, "judgment <u>shall</u> be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict." N.C. Gen. Stat. §75-16 (emphasis added). *Bhatti v. Buckland*, 328 N.C. 240, 243 (1991) ("If a violation of Chapter 75 is found, treble damages must be awarded."); *Marshall v. Miller*, 302 N.C. 539, 547 (1981) (holding that "we must conclude that the Legislature intended trebling of any damages assessed to be automatic once a violation is shown.").

42. Under established Fourth Circuit precedent, the mandatory trebling of actual damages for violations of the Act are damages that are for a sum certain and, therefore, properly included in a default judgment without an evidentiary hearing. *Smith v. Devine et al.*, 126 F.4th 331, 346 (4th Cir. 2025).

43. In this case, the statutory trebling of damages is for a sum certain or one which can be made certain by computation because: (i) the actual damages caused by the Devines' asset concealment scheme and the related Transfers is $3,158,330.52, (ii) the trebling of damages is mandatory where violations of the Act are found, and (iii) statutory damages associated with Plaintiff's First Claim for Relief can be calculated by computation at $9,474,991.56 (*i.e.,* by trebling actual damages). *Smith Declaration* ¶¶ 30-32.

44. Accordingly, the Plaintiff is entitled to an award of damages caused by the Transfers made pursuant to the Devines' asset concealment scheme in the total amount of $9,474,991.56.

## IV. CONCLUSION

45. Based on the foregoing, the Plaintiff respectfully requests that the Court: (a) enter the Judgment attached hereto as Exhibit 1, and (b) award the Plaintiff such other relief as the Court deems just and proper.

Dated: Charlotte, North Carolina
December 23, 2025

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Andrew T. Houston*
Andrew T. Houston (Bar No. 36208)
ahouston@mwhattorneys.com
212 N. McDowell Street, Suite 200
Charlotte, North Carolina 28204
Telephone: (704) 944-6560
*Special Counsel to Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Motion for Entry of Default Judgment* was served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case and on the persons listed below by first class mail, postage prepaid on December 23, 2025:

BRBRC Irrevocable Trust
c/o Darrin Payne
Individually and last knows trustee
7311 Reservation Drive
Springfield, VA 22153

Ronald & Brenda Devine
Beneficiaries of BRBRC Irrevocable Trust
7871 Rolling Woods Court, Unit 204
Springfield, VA 22152

Dated: Charlotte, North Carolina
December 23, 2025

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Andrew T. Houston*
Andrew T. Houston (Bar No. 36208)
ahouston@mwhattorneys.com
212 N. McDowell Street, Suite 200
Charlotte, North Carolina 28204
Telephone: (704) 944-6560
*Special Counsel to Plaintiff*