FILED & JUDGMENT ENTERED
Christine F. Ramsey

August 4 2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Ashley Austin Edwards
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| **In re:**<br><br>**BK RACING, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No: 18-30241 |
| **MATTHEW W. SMITH, sole manager for reorganized BK RACING, LLC,**<br><br>Plaintiff,<br><br>**v.**<br><br>**DARRIN L. PAYNE *et al.*,**<br><br>Defendants. | Adversary Proceeding No.: 23-03030 |

**ORDER APPROVING SETTLEMENT**

This cause came before the Court upon: (i) the *Motion to Approve Settlement Pursuant to Bankruptcy Rule 9019* (the "Settlement Motion"), [Doc.[1] 139], filed by the Plaintiff[2] on July 17, 2026, and (ii) the *Notice of Filing of Settlement Agreement* (the "Notice"), [Doc. 140], filed on July 29, 2026, which attached a fully executed copy of the proposed settlement documents. In

[1] All citations to "Doc." shall refer to the docket in adversary proceeding number 20-03030.
[2] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Settlement Motion.

the Settlement Motion, the Plaintiff seeks Court approval of a *Settlement Agreement and Release* dated June 9, 2026 (the "Settlement Agreement") by and between the Plaintiff and defendant FVCBank. No objections to the Settlement Motion or the proposed settlement were filed. Based upon a review of the record, the contents of the Settlement Motion, and the terms of the Settlement Agreement, the Court makes the following:

**FINDINGS OF FACT**

***Chapter 11 Case Background***

1. BK Racing, LLC (the "Debtor") owned and operated a NASCAR Cup Series race team.

2. On February 15, 2018, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code in this Court.

3. On March 30, 2018, this Court entered an order appointing the Plaintiff as the Debtor's chapter 11 trustee.

4. On February 11, 2020, the Court confirmed the trustee's first amended plan of liquidation, and authorized the Plaintiff, acting as the Debtor's sole manager, to investigate and pursue claims for the benefit of the reorganized Debtor's bankruptcy estate and its creditors.

5. Since his original appointment as the chapter 11 trustee, the Plaintiff conducted a significant investigation of the financial affairs and transactions of the Debtor, and the Debtor's dealings with its creditors, insiders and affiliates.

***Adversary Proceeding Background***

6. On August 30, 2023, the Plaintiff filed this adversary proceeding captioned *Matthew W. Smith v. Darrin L. Payne et al.*, Adversary Proceeding No. 23-03030 (the "Action").

7. In the complaint, the Plaintiff asserted, among other things, claims for damages against FVC Bank, the Settling Defendants[3], and the BRBRC Irrevocable Trust.

8. The claims asserted by the Plaintiff against the Settling Defendants and the BRBRC Irrevocable Trust were previously resolved through a combination of settlements and litigation.

9. Specifically, the Court previously approved a settlement between the Plaintiff and the Settling Defendants pursuant to the terms of the *Order Approving Settlement* entered on March 26, 2025 (the "Approval Order"). [Doc. 97].

10. The Court also resolved the claims against defendant BRBRC Irrevocable Trust by entry of a *Judgment* on January 13, 2026, [Doc. 138], which awarded monetary damages in favor of the Plaintiff against defendant BRBRC Irrevocable Trust in the amount of $8,424,991.56, together with costs and interest.

***Settlement History Background and Summary of Settlement Terms***

11. The Plaintiff and FVCBank have engaged in negotiations throughout the pendency of this case, including informal settlement discussions, information exchanges, participation in a global mediation in 2024, and post-mediation settlement negotiations.

12. FVCBank contests liability in the Action, denies any wrongdoing and contends that it has valid, meritorious legal and/or factual defenses to the asserted Claims.

13. FVCBank also informed the Plaintiff that it would continue defending the Action in the absence of a settlement.

14. In light of the foregoing, as well as the attendant costs, risks and delay associated with continuing to litigate the Action and any potential appeals, the Parties entered into the

[3] As set forth in the Settlement Motion, the term "Settling Defendants" refers collectively to defendants Darrin L. Payne, Felicia Payne, DLP Tax & Accounting Services, Patricia Gambino, John Pitrelli, Old Dominion Settlements, Inc. d/b/a Key Title and Old Dominion Law, PLLC f/k/a Eskovitz, Lazarus & Pitrelli, PLLC.

Settlement Agreement. A copy of the Settlement Agreement was referenced in the Settlement Motion as Exhibit 1, and the terms of the Settlement Agreement are incorporated by reference as if set forth fully herein.[4]

15. The material terms of the proposed settlement are as follows:

a. FVCBank shall pay the sum of $25,000.00 to the Plaintiff within fourteen (14) days from the date of this order;
b. The Parties are exchanging releases as set forth specifically in sections 4 & 5 of the Settlement Agreement;
c. The proposed settlement is contingent upon the entry of this order; and
d. Upon the Plaintiff's receipt of the settlement payment, FVCBank shall be dismissed with prejudice from the Action.

## CONCLUSIONS OF LAW

16. This Court has jurisdiction over the Settlement Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Article XII of the confirmed Plan.

17. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

18. Venue is appropriate in this district pursuant to 28 U.S.C. § 1409.

19. The substantive predicates for the relief granted herein are 11 U.S.C. §§ 105 & 541, and Bankruptcy Rule 9019.

20. Due and appropriate notice of the Settlement Motion and the proposed settlement was given as required by the confirmed Plan.

21. Bankruptcy Rule 9019(a) provides: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

22. Generally, "compromises are favored in bankruptcy." *Myers v. Martin,* 91 F.3d 389, 393 (3d Cir. 1996) (citation omitted).

[4] A fully executed copy of the Settlement Agreement is attached to the *Notice*. [Doc. 140].

23. In approving a settlement, the Court "need not conduct an exhaustive investigation," or mini-trial, "into the validity of the merits of the claims sought to be compromised." *United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982).

24. Rather, it is sufficient that the Court finds that the settlement was negotiated in good faith as well as being reasonable, fair and equitable. *Martin v. Kane (In Re: A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

25. Courts have identified the following factors for consideration in determining whether a proposed settlement is reasonable, fair, and equitable: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved; and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors. *Myers*, 91 F.3d at 393 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968)).

26. Bankruptcy courts should "approve adversary litigation settlements that are in the best interests of the estate." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007).

27. Applying the foregoing principals, the Court finds and concludes that the proposed settlement was negotiated in good faith and it is reasonable, fair, and equitable.

28. Furthermore, approval of the Settlement Agreement is in the best interests of the Reorganized Debtor, the estate, creditors and all other parties in interest because: (a) the Plaintiff will receive $25,000.00, which can be used to pay costs, claims and expenses of the Reorganized Debtor and the estate, (b) it reasonably resolves contested litigation with FVCBank, and (c) the

proposed settlement avoids the uncertainty, costs and delay related to continued litigation with FVCBank.

29. Accordingly, approval of the Settlement Agreement and entry of this order are in the best interests of the Reorganized Debtor, its creditors, the estate, and all parties in interest in this bankruptcy case.

Based on the foregoing, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

A. The Settlement Motion is GRANTED.

B. The Settlement Agreement is hereby APPROVED.

C. All objections to the Settlement Motion are waived or are hereby OVERRULED.

D. Upon the Plaintiff's receipt of the Settlement Payment, and without further order of the Court, the claims against defendant FVCBank in this adversary proceeding are hereby dismissed with prejudice.

E. The Court retains jurisdiction over all matters arising from the interpretation, implementation or enforcement of this order and the Settlement Agreement.

| | |
|---|---|
| *This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order.* | *United States Bankruptcy Court* |